[803 NYS2d 430]

In the Matter of JAMES E. COLE (Admitted as JAMES EDWARD COLE), an Attorney, Resignor.

Second Department, November 7, 2005

## APPEARANCES OF COUNSEL

*Faith Lorenzo*, Hauppauge, for Grievance Committee for the Tenth Judicial District.

*James E. Cole*, Vienna, Virginia, resignor pro se.

## OPINION OF THE COURT

Per Curiam.

James E. Cole has submitted an affidavit dated February 17, 2005, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Cole was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 15, 1969, under the name James Edward Cole.

By letter dated November 29, 2003, Mr. Cole informed the Grievance Committee that he had pleaded guilty on June 18, 2001, to one felony and two misdemeanors in Federal District Court in Washington, D.C. On November 3, 2003, he was sentenced by the Honorable Thomas F. Hogan to concurrent terms of 15 months, 6 months and 6 months for the crimes of embezzlement from a labor union from 1992 through March 1999, in violation of 29 USC § 501 (c); failure to disclose a material fact in a required report from September 30, 1996, to January 1998, in violation of 29 USC § 439 (b); and false entry in union records from September 30, 1996, to January 1998, in violation of 29 USC § 439 (c).

The Grievance Committee has taken the position that the federal crimes of which Mr. Cole was convicted are not essentially similar to any corresponding New York felony which would mandate his automatic disbarment.

29 USC § 501 (c) provides that any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned for not more than five years, or both. The Grievance Committee points out that there is no monetary threshold for the federal crime, unlike grand larceny in the fourth degree, a class E felony (Penal Law § 155.30), which requires that the value of the stolen property exceeds $1,000. Petit larceny, in violation of Penal Law § 155.25, has no monetary threshold but is a class A misdemeanor. The Grievance Committee submits that Mr. Cole's conviction is not essentially similar to any corresponding New York felony. Accordingly, his automatic disbarment is not warranted and there is no legal impediment to acceptance of his proffered resignation.

In the course of his affidavit, Mr. Cole acknowledges his convictions and concedes that he cannot successfully defend himself on the merits of any disciplinary charges which have been initiated against him by the Grievance Committee. Mr.

Cole is cognizant of the Grievance Committee's investigation into allegations of misconduct predicated upon his convictions.

He avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney, Paul Knight, and others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including that he is barred by Judiciary Law § 90 and the Rules of the Appellate Division from seeking reinstatement for at least seven years.

Mr. Cole's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommended acceptance of the resignation.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, and effective immediately, James E. Cole, admitted as James Edward Cole, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SPOLZINO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, James E. Cole, admitted as James Edward Cole, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that James E. Cole, admitted as James Edward Cole, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James E. Cole, admitted as James Edward Cole, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public

authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, James E. Cole, admitted as James Edward Cole, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).